UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.     CASE NO.: 2:14-cr-71-FtM-38CM

DAVID R. WALFALL
                                                    /

**<u>ORDER</u>**[1]

Before the Court is Defendant David R. Walfall's Motion for Early Termination of Supervised Release (Doc. 53) and the Government's opposition (Doc. 55). For the below reasons, the Court denies the motion.

In January 2015, the Court sentenced Walfall to sixty-six months imprisonment and three years of supervised release for conspiring to possess with intent to distribute over 100 kilograms of marijuana. (Doc. 40). The Court later reduced Walfall's prison term to fifty-three months. (Doc. 48). Since then, he has left prison and completed nineteen months of supervised release. During those months, Walfall has been steadily employed and completed a vocationally apprenticeship. He has also paid his fines and assessments and complied with the terms of supervised release. (Doc. 54 at 1-2). And for these reasons, Walfall moves for early termination of supervised release. For its part, the Government opposes such termination because Walfall committed a serious drug crime and to deter him from future criminal conduct.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

After considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). Having considered this statute against the record, Court will not end Walfall's term of supervised release early.

Although Walfall has made commendable strides in his educational and vocational training, his offense was serious. His crime carried a potential forty-year sentence and four-year term of supervised release. *See* 21 U.S.C. § 841(b)(1)(B)(vii). His role in the conspiracy was also serious. Walfall supplied the marijuana that he oversaw others distribute and he recruited sellers. This involvement landed him as a manager/supervisor in the drug conspiracy. Walfall played that role while also working forty hours per week. So, his work ethic and commitment to employment does not persuade the Court to veer from its original sentence. Walfall also makes no suggestion that the supervision hinders or disturbs his present job. Finally, complying with the terms of supervised release is expected and the baseline for all those individuals on supervised release.

In sum, the Court finds that Walfall's conduct and the interests of justice do not warrant termination of his supervised release. The Court thus denies his motion.

Accordingly, it is now

**ORDERED:**

Defendant David Walfall's Motion for Early Termination of Supervised Release (Doc. 53) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 13th day of January 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record